Joel Ban #10114
Ban Law Office P.C.
P.O. Box 118
Salt Lake City, UT 84110
801-532-2447
joel@banlawoffice.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **UTAH PHYSICIANS FOR A HEALTHY ENVIROMENT (UPHE)**<br><br>　　Plaintiff,<br><br>　*v.*<br><br>**FEDERAL RAIL ADMINISTRATION (FRA)**<br><br>　　Defendant. | Case No. _____<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>Freedom of Information Act Case<br>Administrative Procedure Act Case |

　　Plaintiff, Utah Physicians for a Healthy Environment, alleges as follows:

　　1.  This action, brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et. seq*., to compel the Federal Railroad Administration (FRA) to produce records that Plaintiffs requested in FOIA requests in November 2020.  The request concerns records related to Salt Lake Garfield and Western Railroad Company rail expansion in Sat Lake City, Utah.  The project is also known as the *West Interchange Build Out*.

　　2.  Utah Physicians for a Healthy Environment (UPHE), a Utah not for profit corporation and other groups have coalesced to oppose the proposed Inland Port in Salt Lake City's northwest quadrant forming the Stop the Port Coalition collectively the "Coalition".  UPHE and the coalition requested the documents and records that this lawsuit concerns to further the public's understanding about this rail project and how it affects and is interconnected with the Inland Port project.

　　3. The coalition seeks a court order (1) declaring that FRA's failure to timely respond to the Coalition's request violates FOIA; and (2) ordering FRA to immediately produce the requested records.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 5 U.S.C § 552(a)(4)(B) and 28 U.S.C. § 1331, because this action arises under the federal laws of the U.S., including both the FOIA and the Declaratory Judgment Act, 28 U.S.C. § 2201.

5. Venue is proper in this court under 5 U.S.C § 552(a)(4)(B) and 28 U.S.C. 1391(e)(1) because UPHE's principal place of business is in this district and a substantial part of the events or omissions giving rise to the claim occurred in this district.

6. Because FRA has failed to abide by the time requirements under the FOIA, the Coalition has exhausted its administrative remedies pursuant to 5 U.S.C 552(a)(6)(C)(i) and judicial relief is warranted since FRA is unlawfully withholding agency records under 5 U.S.C. 552(a)(4)(B) and 28 U.S.C. 2202.

## PARTIES

7. Plaintiff, UPHE, is a non-profit organization that is headquartered and has its sole office in Salt Lake City, Utah.  The primary mission is to protect the public health from local, national, and international threats caused by pollution and other environmental contaminants.

8. Defendant Federal Railroad Administration is a federal agency of the U.S. and is under the U.S. Department of Transportation, and therefore is subject to the FOIA.

## LEGAL FRAMEWORK OF THE FOIA

9. The FOIA mandates that all federal agencies must expeditiously provide copies of all agency records that reasonably describe the records sought, so long as the records are not classified as classified or protected government records.  5 U.S.C. 552(a)(3)(A).

10. Federal agencies are required to make a final determination on all FOIA requests within twenty business days (excluding weekends and legal holidays).  The only exception to this requirement is if the agency gives notice to the requester that "unusual circumstances" exist that require additional time to respond.

11. The FOIA provides that a person will have exhausted their administrative remedies if the agency fails to comply with the applicable time limits described at 5 U.S.C. 552(a)(6)(A)(I)-(ii).

12. The FOIA provides those that have not been provided requested records may seek legal remedy from the Federal District Court to enjoin the unlawful withholding of agency records and to compel production of any records that were unlawfully withheld.

13. Pursuant to the FOIA, this Court may assess attorney fees and litigation costs against the U.S. if the plaintiff prevails.  5 U.S.C. 552(a)(4)(E).

FACTUAL ALLEGATIONS

14. On October 6, 2020, the Coalition sent a FOIA request to the FRA, requesting records related to *Salt Lake Garfield and Western Railroad Company*[1] rail expansion in Salt Lake City and County, Utah.  We requested the current status of this project.  We requested any and all copies of 404 application requests under the Clean Water Act, public notices, studies, analyses, scoping documents under the *National Environmental Policy Act*, Record of Decisions/statement of findings, permits, and public interest review processes.  We requested any grant application and/or approval under INFRA.  We also requested documents to any non-rail components of this project.

15. On November 10, 2020 FRA responded to our request assigning FOIA request number FRA FOIA 21-005, and stating that grant applications are not releasable to the public and that the deliberative and Exemption 5 would apply.  The FRA requested that we "narrow our request and provide a time frame" for the records we sought.  They also indicated they could provide an email describing the status of the project based on our request.

16. FRA never responded to our request for other documents that were not subject to the alleged exemption under the FOIA.  FRA answered with a request that we "provide a time frame" for our request.  We responded that the twenty-day time period prescribed under the FOIA had already passed.

17. On November 12, 2020 the FRA responded in email that they received 404 applications, they re-iterated their assertion that grant applications are not considered public due to exemption five, but they needed a "time frame" as to the last part of our request regarding all non-rail components of the project.  They indicated that the project started in 2018.  We then re iterated that we requested **all** documents related to the non-rail components of the project while referencing the other aspects of our request that were never mentioned by FRA in their emails.

18. On November 12, 2020 FRA indicated that the FOIA was routed to the program office where a search for responsive records is being conducted.  On November 20, 2020 we requested update on the record response completion date since the deadline had passed.  They

---

[1] We have read through press reports that this company was purchased by Patriot Rail Company LLC and so we include any public information related to this company's activities as they relate to this particular project.

3

indicated on the same day that they are operating on a backlog and that requests are responded to based on the order received.  We inquired again on December 2, 2020 with no response given.  The records are 51 days late.

## CLAIMS FOR RELIEF

19.  The coalition realleges paragraphs 1-17 previously set forth.

20.  Defendant FRA has violated FOIA through failure to provide the Coalition with all records not protected under the FOIA for its October 6, 2020 request.

21.  FRA has denied the Coalition's right to this information as provided under the FOIA.

22.  FRA has violated FOIA by failure to perform an adequate search that is reasonably calculated to locate all responsive records to the FOIA request.

23. Unless this court grants requested relief the FRA will continue to violate the Coalition's legal right to timely receipt of the records requested described above.  The Coalition is harmed by FRA's failure to provide timely response to these records and has expended costs to obtain the services of a law firm to bring this action.

24.  Expedite this action in every way pursuant to 28 U.S.C. § 1657(a), which allows courts to move FOIA cases ahead of other civil cases for good cause shown.

25. The Coalition is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. 552(a)(4)(E).

## REQUEST FOR RELIEF

Plaintiff respectfully requests that this Court enter Judgment for the Coalition, providing the following relief:

1. Declaration that FRA has violated FOIA in its failure to provide the Coalition with all non-protected records from its October 6, 2020 FOIA request.

2. Declaration that FRA has violated by failure to complete a search for records that are responsive to the Coalition's request.

3. Order that FRA perform the required search for records that are responsive to its FOIA request and provide Plaintiff with all non-protected responsive records to the Coalition's FOIA request.

4. Order FRA that they pay the Coalition's costs of litigation, attorney fees provided under FOIA, 5 U.S.C. 552(a)(4)(E); and provide any other relief the Court considers proper.

DATED this 14th day of January 2021

/s/ Joel Ban

Joel Ban
Ban Law Office P.C.
P.O. Box 118
Salt Lake City, UT 84110
801 532 2447